-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JESSE BREWER, 01-A-6103,

        Plaintiff,

        -v-                              **DECISION AND ORDER**
                                          05-CV-0376F

C.O. CHRISTOPHER F. KAMAS,
C.O. ROBERT G. HELD,
SGT. INMAN,
LIEUTENANT DONAHUE,

        Defendants.

_____

## INTRODUCTION

Plaintiff, Jesse Brewer, an inmate of the Auburn Correctional Facility, who was formerly incarcerated at the Southport Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 4). Plaintiff claims that on June 5, 2002, defendants Christopher Kamas and Robert Held, Correctional Officers, assaulted him when they were removing him from his cell in order to take him to a Disciplinary Hearing, and that defendants Sergeant Inman, the Area Supervisor, and Lieutenant Donahue, the Hearing Officer, were responsible for failing to properly supervise Kamas and Held at the time of the assault. Plaintiff also alleges that prior to the assault he had complained to a Correctional Sergeant about Kamas's

continued harassment and that Kamas had filed a false misbehavior report against him in retaliation for that complaint. The day prior to the assault, plaintiff alleges that he filed a grievance against Kamas and that during the assault Kamas told him that "this is for all of the grievances you filed on me." (Complaint, ¶¶ 17-21). For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, his claims against Inman and Donahue are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because they are based solely on their roles as "supervisors", and service by the U.S. Marshals is ordered with respect to the remaining claims against Kamas and Held.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

2

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that plaintiff's claims against Inman and Donahue must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

A prerequisite for liability under a § 1983 claim is personal involvement by the defendants in the alleged constitutional deprivation. *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

As noted, the complaint alleges that Sergeant Inman and Lieutenant Donahue are liable because they failed to properly supervise and manage their subordinates, Kamas and Held; in fact, the section in which plaintiff sets forth his allegations against Inman and Donahue is entitled "Supervisory Liability." (Complaint, pp. 6-8). A plaintiff may not rely on the doctrine of *respondeat superior* to establish liability in a § 1983 action. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-95 (1978). Because these

3

claims fail to demonstrate Inman's and Donahue's personal involvement in the alleged constitutional deprivation--*i.e.*, the use of excessive force--, the claims against them are dismissed with prejudice.

Plaintiff also alleges that Donahue falsified information in a report of the assault when he stated that he was supervising the movement of the plaintiff at the time of the assault when, in fact, he was not even the Area Supervisor at the time. This claim must also be dismissed because an inmate has no constitutional immunity from being falsely written up. *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"), *cert. denied*, 485 U.S. 982 (1988); *Husbands v. McClellan*, 957 F. Supp. 403 (W.D.N.Y. 1997).[1]

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. For the reasons discussed above, plaintiff's claims against defendants Inman and Donahue are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, and the U.S. Marshal is directed to serve the summons and complaint on Kamas and Held regarding the

---

[1] The filing of a false misbehavior report for impermissible reasons, however, *e.g.*, retaliation, may state an actionable claim under 42 U.S.C. § 1983. *See Franco v. Kelly*, 854 F.2d 584, 590 (2d Cir. 1988).

4

allegations based on the assault on June 5, 2002, and Kamas's filing of a false misbehavior report on May 30, 2002, in retaliation for plaintiff's complaints against him.[2]

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed in forma pauperis is granted;

FURTHER, that plaintiff's claims against Sergeant Inman and Lieutenant Donahue are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendants Sergeant Inman and Lieutenant Donahue as parties to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon C.O. Christopher Kamas and C.O. Robert G. Held without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

---

[2] Plaintiff submitted "Proof of Service" stating that he placed the complaint in the mailbox at Auburn Correctional Facility on May 25, 2002. The envelope in which the complaint was enclosed is post-marked May 26, 2005. See Houston v. Lack, 487 U.S. 266, 271 (1988); see also Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993), modified on reh'g, 25 F.3d 81 (2d Cir. 1994).

5

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the complaint.

IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:   Dec. 12, 2005